In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00340-CR
_____

CAROLYN MARIE DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
Jefferson County, Texas
Trial Cause No. 11-12979

## MEMORANDUM OPINION

In 2012, Carolyn Marie Davis, pleaded guilty to aggravated assault, a second-degree felony.[1] *See* Tex. Penal Code Ann. § 22.02. Pursuant to a plea-bargain agreement, after Davis pleaded "guilty" to the charge, the court found sufficient evidence to find the Appellant guilty, but deferred adjudication and placed her on

---

[1] In the indictment and the Judgment Adjudicating Guilt, Davis's name is listed as "Carolyn Marie Davis AKA Carolyn Marie Simpson[.]" In the Deferred Adjudication Order, Davis's name is listed as "Davis, Carolyn Marie[.]"

1

community supervision for ten years. In September 2022, upon the State's motion to revoke adjudication probation, and after a hearing, the trial court revoked Davis's community supervision and ordered her incarcerated in the Texas Department of Criminal Justice for two years.

In one issue on appeal, Davis argues that the trial court did not have jurisdiction to revoke her community supervision. According to Davis, she was placed on community supervision on January 17, 2012, for a period of ten years and the State first moved to revoke her unadjudicated probation on January 3, 2022. The State then filed an amended motion to revoke unadjudicated probation on June 6, 2022. This amended motion included a new allegation that she violated her probation in May 2022. Davis argues the amended motion replaced the January motion, and because her community supervision ended in January 2022, and the amended motion was not filed within her probationary period, the trial court lacked jurisdiction to revoke her community supervision.

The State disagrees with the argument made by the defendant but otherwise agrees the trial court lacked jurisdiction but for a different reason. The State contends that the trial court lacked jurisdiction in this case because the capias issued after the period of supervision has expired. *See Ex parte Lozoya*, 666 S.W.3d 618, 626 (Tex. Crim. App. 2023) (explaining a trial court lacks jurisdiction to revoke community supervision when the motion to revoke was filed and capias issued after the period

2

of supervision has expired); *see also* Tex. Code Crim. Proc. Ann. art. 42A.751(l)(1), (2)[2]. The State acknowledges that the District Clerk did not file the capias in the original motion to revoke until after Davis's community supervision ended. The State agrees that Davis's conviction and sentence should be reversed and remanded for an order discharging Davis from community supervision.

We conclude the trial court lacked jurisdiction because the capias on the original motion to revoke was not filed until after Davis's community supervision ended. We sustain Appellant's sole issue on appeal; we reverse and remand the judgment of the court to release Davis from community supervision.

REVERSED AND REMANDED.

JAY WRIGHT
Justice

Submitted on April 22, 2024
Opinion Delivered June 12, 2024
Do Not Publish

Before Horton, Johnson and Wright, JJ.

---

[2] We cite the current statute as subsequent amendments do not affect our disposition.

3